IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HOME DEPOT U.S.A., INC., §
§
    Plaintiff, §
§
VS. §
§
NATIONAL FIRE INSURANCE §
COMPANY OF HARTFORD, §
§ Civil Action No. 3:06-CV-0073-D
    Defendant- §
    Third-Party Plaintiff, §
§
VS. §
§
EXPRESS SITE PREPARATION, INC. §
and AMERICAN EQUITY INSURANCE §
COMPANY, §
§
    Third-Party Defendants. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Home Depot U.S.A., Inc. ("Home Depot") moves under N.D. Tex. Civ. R. 56.7 for leave to file supplemental evidence in support of its motion for summary judgment. The court concludes that the motion should be treated as a Rule 56.2(b) motion for leave to file a second motion for summary judgment, and it concludes in its discretion that the motion should be granted.[1]

I

The relevant background facts of this case are set out in the court's prior opinion granting Home Depot's October 20, 2006 motion

_____

[1]Because Home Depot's motion presents a request that in the circumstances of this case primarily falls within the court's discretion, and to avoid undue delay, the court is deciding the motion without awaiting an opposition response.

for summary judgment and need not be repeated. *See Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 846525, at *1 (N.D. Tex. Mar. 21, 2007) (Fitzwater, J.) ("*Home Depot I*"). In *Home Depot I* the court granted Home Depot's motion for summary judgment against National Fire Insurance Company of Hartford ("National Fire") on Home Depot's breach of contract claim "to the extent of holding that National Fire breached its duty to defend Home Depot in the *Boxcars Litigation*." *Id.* at *9. The court "limit[ed] its grant of summary judgment to liability alone." *Id.* at *8. It explained its reasons for declining to grant Home Depot all the relief it sought in its motion:

> Home Depot maintains that it is entitled to recover $128,708.47 for the attorney's fees and costs it incurred in defending its interests in the *Boxcars Litigation*. This figure, however, appears to include not only expenses that Home Depot incurred in defending itself in the *Boxcars Litigation* but some of the attorney's fees and costs it has incurred in prosecuting the instant case. This potentially blends two different decisions, one to be made by the trier of fact and the other to be made by the court. Attorney's fees and costs incurred in the *Boxcars Litigation* defense are determined by the trier of fact as part of Home Depot's breach of contract claim. Those expended in prosecuting the present lawsuit are awarded by the court under the procedures specified in Fed. R. Civ. P. 54(d) and N.D. Tex. Civ. R. 54.1. The court is therefore unable to grant summary judgment awarding Home Depot specific relief on its breach of contract claim without the possibility of awarding duplicative attorney's fees and costs. It will therefore limit its grant of summary judgment to liability alone.

*Id.*

Home Depot now moves the court under Rule 56.7 for leave to file supplemental evidence that addresses the defect that the court identified in *Home Depot I*.  It maintains that it reached an agreement with National Fire regarding the attorney's fees and expenses that it incurred, but National Fire reneged on the agreement.  Home Depot seeks leave to file supplemental evidence so that it can obtain a final summary judgment against National Fire for all the relief it seeks.

## II

So far as the court is aware, this is the first time it has found it necessary to distinguish between the functions of, and reasons for, Rules 56.2(b) and 56.7.

Rule 56.2(b) addresses the limit on the number of summary judgment motions that can be filed without leave of court and provides: "Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment."  Texas Rules of Court: Federal at 253 (West Pamp. Supp. 2007).  Rule 56.7 addresses restrictions on the materials that can be submitted in litigating a pending summary judgment motion.  It states: "Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence."  Texas

Rules of Court: Federal at 254 (West Pamp. Supp. 2007). Rules 56.2(b) and 56.7 have distinct functions and were adopted for different reasons. Rule 56.2(b) controls the number of summary judgment motions that can be filed without leave of court. Among other functions, it prevents the practice—too prevalent before the Rule was adopted—of circumventing the page limits on summary judgment motions by dividing arguments among several motions. And it also enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple. There may be instances, as in this case, where a second motion should be permitted. But the court retains ultimate control that it would not have if successive motions were allowed as of right.

Rule 56.7, by contrast, regulates the summary judgment materials that can be filed in relation to a specific pending summary judgment motion. This Rule addresses the former practice of filing supplemental materials, without leave of court, at any time while the motion was pending. Such filings often prompted requests by the opposing party for the opportunity to respond to the new materials, thereby delaying a decision based on a supplemental filing (and response) that may have had no bearing on the court's ruling, or that otherwise created uncertainty about

whether the summary judgment motion was ripe for a decision.[2]

Home Depot's motion is properly considered as one filed under Rule 56.2(b) rather than Rule 56.7.  The court's decision in *Home Depot I* was a final adjudication of the summary judgment motion that Home Depot filed on October 20, 2006.  There is currently no pending motion for which supplemental materials need (or can) be filed.  Home Depot is effectively requesting an opportunity to file a successive summary judgment motion to address a defect that the court identified in *Home Depot I*.  As noted above, one purpose for Rule 56.2(b) is to enable the court to regulate such filings.

In its discretion, the court concludes that Home Depot's motion under Rule 56.2(b) should be granted.  The only issue that remains between Home Depot and National Fire for trial is the amount of attorney's fees and costs, if any, that Home Depot is entitled to recover from National Fire for defending its interests in the *Boxcars Litigation*.  *Home Depot I*, 2007 WL 846525, at *8. Adjudicating this issue on summary judgment motion will not unduly burden the court and the parties and may in fact save the time and expense of an unnecessary trial.

* * *

Accordingly, treating Home Depot's June 15, 2007 motion for leave to file supplemental evidence as a motion for leave to file

---

[2]Because most summary judgment motions are decided without oral argument, calculating the correct ripe date is critical to the process of deciding such motions.

a second summary judgment motion, the court grants the motion. Home Depot must file the motion, brief, and appendix no later than July 9, 2007.[3]

      **SO ORDERED.**

      June 27, 2007.


                                  _____
                                  SIDNEY A. FITZWATER
                                  UNITED STATES DISTRICT JUDGE

---

[3]Home Depot's request for a hearing on this motion is denied.