IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HOME DEPOT U.S.A., INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| NATIONAL FIRE INSURANCE § | |
| COMPANY OF HARTFORD, § | |
| § | Civil Action No. 3:06-CV-0073-D |
| Defendant- § | |
| Third-Party Plaintiff § | |
| § | |
| VS. § | |
| § | |
| EXPRESS SITE PREPARATION, INC. § | |
| and AMERICAN EQUITY INSURANCE § | |
| COMPANY, § | |
| § | |
| Third-Party Defendants. § | |

MEMORANDUM OPINION
AND ORDER

The court revisits this case in response to plaintiff's second motion for summary judgment, which addresses a limited issue left unresolved by the court's prior summary judgment ruling, and to decide whether defendant should be granted leave to amend its answer. For the reasons that follow, the court grants plaintiff's second motion for summary judgment and denies defendant's motion for leave to amend.

I

Plaintiff Home Depot U.S.A., Inc. ("Home Depot") sues defendant National Fire Insurance Company of Hartford ("National Fire"), contending that National Fire failed to comply with a contractual duty to defend Home Depot against claims asserted in a

Texas state court lawsuit, *Boxcars Properties, Ltd. v. W. Hills Joint Venture*, No. 22433 (278th Dist. Ct., Walker County, Tex.) (the "*Boxcars Litigation*"). In a prior opinion in this case, *Home Depot U.S.A., Inc. v. National Fire Ins. Co.,* 2007 WL 846525 (N.D. Tex. Mar. 21, 2007) (Fitzwater, J.) ("*Home Depot I*"), the court granted Home Depot's motion for summary judgment on its breach of contract claim against National Fire "to the extent of holding that National Fire breached its duty to defend Home Depot in the *Boxcars Litigation.*" *Id.* at *9. The court "limit[ed] its grant of summary judgment to liability alone." *Id.* at *8. It declined to award all the relief that Home Depot sought in its motion, explaining:

> Home Depot maintains that it is entitled to recover $128,708.47 for the attorney's fees and costs it incurred in defending its interests in the *Boxcars Litigation*. This figure, however, appears to include not only expenses that Home Depot incurred in defending itself in the *Boxcars Litigation* but some of the attorney's fees and costs it has incurred in prosecuting the instant case. This potentially blends two different decisions, one to be made by the trier of fact and the other to be made by the court. Attorney's fees and costs incurred in the *Boxcars Litigation* defense are determined by the trier of fact as part of Home Depot's breach of contract claim. Those expended in prosecuting the present lawsuit are awarded by the court under the procedures specified in Fed. R. Civ. P. 54(d) and N.D. Tex. Civ. R. 54.1. The court is therefore unable to grant summary judgment awarding Home Depot specific relief on its breach of contract claim without the possibility of awarding duplicative attorney's fees and costs. It will therefore limit its grant of summary judgment to liability alone.

*Id*.

Home Depot later obtained leave of court under N.D. Tex. Civ.

R. 56.2(b) to file a second motion for summary judgment on the remaining issue of attorney's fees and expenses. *See Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford,* 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007) (Fitzwater, J.). Home Depot then filed its second motion for summary judgment. Nine days after Home Depot obtained leave to file the motion, National Fire sought leave to file a first amended original answer, affirmative defenses, and original counterclaim.[1]

The original deadline established by the court's Fed. R. Civ. P. 16(b) scheduling order for filing motions for leave to amend pleadings was April 1, 2007, but the court extended the deadline to August 15, 2007 in response to National Fire's unopposed motion. National Fire sought this relief on the ground that it needed time to develop its third-party claims. Among the amendments that National Fire seeks to make is one asserting a new counterclaim against Home Depot. National Fire relies on this proposed counterclaim to oppose summary judgment.[2] Therefore, the court

---

[1] Although it does not affect the disposition of this motion, the court notes that use of the term "original" is a misnomer in federal practice. The term "original" probably emanates from Texas state procedure. *See* Tex. R. Civ. P. 46 (referring to "original answer"); *but cf.* Tex. R. Civ. P. 97(a) and (b) (referring to "a counterclaim"). Federal procedure, however, does not use the term "original" when referring to an answer or a counterclaim. *See* Fed. R. Civ. P. 7(a) ("There shall be . . . an answer . . . ."); 13(a) and (b) (referring to "a counterclaim").

[2] National Fire also seeks leave to assert new affirmative defenses. In considering National Fire's motion for leave, however, the court will focus on the counterclaim, because it is

must first address National Fire's motion for leave to amend before considering Home Depot's second motion for summary judgment.

II

A

National Fire alleges in its proposed counterclaim that its duty to defend Home Depot in the *Boxcars Litigation* gives rise to a contractual subrogation right—that is, a right to step into Home Depot's shoes—regarding any of Home Depot's claims against other insurers arising out of the *Boxcars Litigation*. One of the insurers against whom Home Depot allegedly has a claim is American Equity Insurance Company ("American Equity"), who was joined as a third-party defendant in November 2006. National Fire maintains that Home Depot impaired its subrogation rights by failing to give American Equity timely notice of the *Boxcars Litigation*. The *Boxcars Litigation* commenced on or about February 17, 2004, but Home Depot did not notify American Equity of the lawsuit until August 8, 2005. National Fire asserts that this effectively precludes any recovery for litigation costs incurred before August 8, 2005. Accordingly, it seeks to offset its liability on the insurance contract by the amount of defense costs it will be unable to recover due to the delayed notice.

B

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial

---

alone sufficient to warrant denying the motion.

court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).[3] Leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Perhaps the most important factor listed by the Court [in *Foman*] and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 613 (2d ed. 1990). For example, a change may be deemed prejudicial "if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation." *Id.* at 623. Leave may also be denied "if the court determines that the proposed amendment would result in defendant being put to added expense and

---

[3]Because National Fire filed its motion for leave to amend before the court-ordered deadline, the motion is analyzed under Rule 15(a).

the burden of a more complicated and lengthy trial." *Id.* at 626. "As a general rule, the risk of substantial prejudice increases with the passage of time." *Id.* § 1488, at 670.

Additionally, "[t]his court will 'carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment.'" *Barrow v. Greenville Indep. Sch. Dist.*, 2001 U.S. Dist. LEXIS 20120, at *3 (N.D. Tex. Dec. 4, 2001) (Fitzwater, J.) (quoting *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (per curiam)). This principle applies with equal force to a new counterclaim that could defeat a summary judgment motion. The court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a summary judgment motion. *See, e.g., AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *11 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (denying motion for leave to amend after summary judgment motion filed); *see also Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (holding that "'[t]o grant . . . leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint . . . . A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint.'") (quoting this court's opinion below). *A fortiori*, prejudice can easily be found where,

as here, leave is first sought after the court has *granted* summary judgment.

C

Home Depot filed this lawsuit on January 15, 2006. Only after Home Depot moved for and obtained summary judgment in *Home Depot I*, obtained leave to file a second summary judgment motion on June 27, 2007, and over 18 months had elapsed since suit was filed, did National Fire move for leave to amend. Following the court's decision in *Home Depot I*, the only issue that remains between Home Depot and National Fire is the amount of attorney's fees and costs that Home Depot is entitled to recover from National Fire for defending its interests in the *Boxcars Litigation* and for prosecuting the instant breach of contract claim. *Home Depot I*, 2007 WL 846525, at *8. Granting National Fire leave to assert a new counterclaim *after* Home Depot has obtained summary judgment and *after* Home Depot has filed a second summary judgment motion that, if granted, will result in a final judgment in its favor, would be patently prejudicial.

National Fire maintains that its dilatory conduct is justified because it could not have raised the counterclaim earlier. It posits that, until the court decided in *Home Depot I* that it was contractually liable to Home Depot, National Fire had no subrogation rights to assert and could not have sued Home Depot for impairing these rights. The court disagrees.

First, the premise that National Fire's subrogation rights

arose only after the court found it liable on the insurance contract is mistaken. The court's ruling in *Home Depot I* did not create National Fire's duty to defend Home Depot in the *Boxcars Litigation*; rather, the duty was created by the parties' contract, which was already in existence at the time of the *Boxcars Litigation*. *See Home Depot I,* 2007 WL 846525, at *9 (holding that National Fire had duty to defend Home Depot in *Boxcars Litigation*). Consequently, any subrogation rights corresponding with that duty would also have existed at the time of the *Boxcars Litigation.* National Fire could have asserted these rights at any time. Apparently, it opted not to do so because this would have required that it acknowledge the underlying duty.

Second, it was unnecessary for the court to determine contractual liability before National Fire became aware of, or raised, a claim based on its alleged subrogation rights. This is demonstrated by National Fire's third-party complaint filed against American Equity in November 2006, in which it asserted a contingent right of subrogation in the event it was held liable on the insurance contract. National Fire could similarly have brought a counterclaim against Home Depot based on the impairment of that right, which was in fact required under Rule 13(a) (with inapplicable exceptions, making compulsory any counterclaim arising out of same transaction or occurrence as opposing party's claim).

Furthermore, in evaluating the potential prejudice to Home Depot arising from granting leave to amend, the court also considers the circumstances and effect of granting National Fire's

March 30, 2007 motion to extend pretrial deadlines. Had the motion been denied, National Fire's present motion for leave to amend would have been filed after the court-ordered deadline for filing such motions. To obtain the relief that National Fire now seeks, it would have been required first to satisfy the Rule 16(b) good-cause standard for amending the scheduling order and then to have met the Rule 15(a) standard for obtaining leave to amend. *See, e.g., S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). National Fire's motion for an extension was not opposed, however, and the court granted it. Home Depot maintains that it did not oppose the motion because National Fire had agreed to stipulate to its claimed attorney's fees and costs. National Fire denies the existence of such an agreement.

Regardless whether there was such an agreement, Home Depot will plainly suffer prejudice due to National Fire's reliance on an erroneous (or at least incomplete) basis to justify extending the deadline for filing motions for leave to amend. National Fire represented only that it needed more time to pursue its third-party claims, and it neither suggested nor disclosed that it intended to file a new counterclaim against Home Depot. It is inconceivable to conclude that, had Home Depot known its own interests were at risk, it would not have opposed the motion.

Accordingly, for the reasons explained, the court holds that National Fire's motion for leave to amend should be denied based on the clear prejudice that Home Depot will suffer if National Fire is allowed at this late date to assert a new counterclaim.[4]

III

The court now turns to Home Depot's motion for summary judgment on the issue of attorney's fees and expenses incurred in the *Boxcars Litigation*.

As the party bearing the burden of proof on damages, Home Depot must establish the amount of its fees and expenses "'beyond peradventure.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

Home Depot seeks $109,482.39 in consequential damages from defending itself in the *Boxcars Litigation*, composed of $93,097.00 in attorney's fees and $16,385.39 in litigation expenses. It also seeks its attorney's fees, court costs, and expenses incurred in litigating the present case. National Fire does not dispute the amount of damages that Home Depot seeks for defending itself in the

---

[4]If National Fire desires to revise its proposed amended pleading to address claims against other parties who remain in the case, it may move for leave to amend within 14 days of the date this memorandum opinion and order is filed. If, as to parties other than Home Depot, the revised pleading is substantially the same as the one the court is now denying, the court will treat it as if it was filed before the August 15, 2007 deadline, meaning that National Fire need only satisfy the Rule 15(a), not the Rule 16(b), standard.

*Boxcars Litigation*. Rather, as discussed above, it relies on a proposed new counterclaim to defeat summary judgment, for which leave to file the pleading has been denied. Considering the evidence on which Home Depot relies, and in the absence of a genuine issue of material fact, the court holds that Home Depot is entitled to summary judgment awarding it $109,482.39 in damages from National Fire. The court also holds that Home Depot is entitled to recover its attorney's fees, taxable costs, and recoverable litigation expenses for prosecuting the instant breach of contract action against National Fire. Those fees, costs, and expenses will be awarded in response to timely motions filed under Rule 54(d)(2) and N.D. Tex. Civ. R. 54.1.

\* \* \*

For the reasons set out, Home Depot's July 9, 2007 second motion for summary judgment is granted, and National Fire's July 6, 2007 motion for leave to file first amended original answer, affirmative defenses, and original counterclaim is denied. A Rule 54(b) final judgment in favor of Home Depot against National Fire will be filed today. Home Depot may seek its attorney's fees, costs, and expenses incurred in prosecuting the instant action by

filing timely motions under Rule 54(d)(2) and N.D. Tex. Civ. R. 54.1.

**SO ORDERED.**

September 10, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE